**No. 63285.**—Douglas M. Homs & Co. *v.* United States, protest 58/5079 (San Francisco).

Ford, Judge: The merchandise before the court was invoiced as "Household scales." It has, however, been stipulated by and between counsel for the respective parties that the involved scales are not chiefly used in the household. The collector of customs assessed duty at the rate of 22½ per centum ad valorem under the provisions of paragraph 397 of the Tariff Act of 1930, as modified by the General Agreement on Tariffs and Trade, 82 Treas. Dec. 305, T.D. 51802, which provides as follows:

Articles or wares not specially provided for, whether partly or wholly manu-
factured:

     *        *        *        *        *        *        *

Composed wholly or in chief value of iron, steel, lead, copper, brass,
nickel, pewter, zinc, aluminum, or other metal (not including platinum,
gold, or silver), but not plated with platinum, gold, or silver, or colored
with gold lacquer:

     *        *        *        *        *        *        *

Other (except slide fasteners and parts thereof)____ 22½% ad val.

It is contended by plaintiff that the scales are machines and, as such, are
dutiable at the rate of 13¾ per centum ad valorem under the following pro-
visions of paragraph 372 of the Tariff Act of 1930, as modified by the Torquay
Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121,
T.D. 52739:

Machines, finished or unfinished, not specially provided for:

     *        *        *        *        *        *        *

Other * * *_____ 13¾% ad val.

At the trial of this case, three exhibits were received in evidence. Plaintiff's
exhibit 1 is a sample of the type of scale under protest. Defendant's exhibit A is
a photograph of Homs Model 23 scale. Defendant's exhibit B is a pictorial
schematic of the 105-pound capacity beam scale. In addition to the exhibits, two
witnesses were called on behalf of plaintiff. It was stipulated by and between
counsel for the respective parties that the involved scales were not chiefly used
in the household.

Douglas M. Homs, the owner of the plaintiff company herein, testified in sub-
stance as follows: That he had imported approximately 2,000 of these scales
and was familiar with the items, having sold them to distributors; among the
various applications of the scale was general office weighing of letters, packages,
and various uses in offices and factories; in one instance, known to the witness,
they were sold for checking the weight of a brick prior to the kiln process in or-
der to determine that sufficient clay had been used; the large weight on exhibit
1 was known as a pounds poise, a tag being attached thereto for the purpose
of clarity; the small weight was known as an ounce poise, which was likewise
labeled, and the scale beam was also labeled.

The next witness called on behalf of plaintiff was Robert E. Amos, a mechanical
engineer, who supervised the making of the drawing of defendant's exhibit B.
This witness then described the components and operations of exhibit 1 as
follows:

Let's start from the top. This is what is known as a platform scale technically,
this being the platform, the portion on which the object to be weighed is placed.
Beneath the scale we have the action or mechanism which transfers the motion
and force from the platform to the beam. We have two levers here, two first
class levers underneath the scale. They are labeled as Lever 1–A and Lever
1–B. These levers receive their force from the platform above by means of knife
edges A, of which there are four, 1, 2, 3, 4. The fulcrum through which these
levers operate consist of four knife edges B, which are labeled here as B, B, B
and B. This fulcrum is attached to the body of the scale, and remains basically
in a fixed position. At the center of the mechanism levers 1–A and 1–B are
joined together by means of knife edges. This joining is necessary to insure that
an object placed on the platform at any location will transmit the force to the
tare or weigh beam. Lever 1–A has an arm fixed to it which directly connects
to the beam on the external portion of the scale. It is connected on both sides
so that it extends out through the scale housing to the arm. In applying a force
upon the scale, the object is placed upon the platform. This in turn transmits
force through the system of levers and knife edges and fulcrums we have
described here, which activates the beam arm. The poise is then moved along

to a point where the beam arm, due to the force, is caused to move. In this case, the weight being applied to the platform before the poise is moved, the beam arm will move in an upward direction. As the poise is moved out on the beam arm, a condition of null will occur, this null being the action of the beam arm to correct the upward movement whereby the two indicating devices will coincide with each other.

The witness then testified that, in his opinion, there is a modification of force and energy by exhibit 1 due to the fact that a large weight is balanced with a very small one through a system of levers. This modification is called mechanical advantage which, in this case, is approximately 50 to 1. The modification of force takes place because of the small distance between point of application of force on the lever compared to the distance involved on the beam of the resisting force caused by weights being moved out of position.

The witness then described in the following manner how force was transmitted when a weight was placed on the platform of exhibit 1:

The weight is placed upon the platform, which in turn causes knife edge A to depress, knife edge A being directly connected or directly in line with the platform. In depressing lever 1–B, it pivots around fulcrum B. A similar occurrence will follow for all of the other fulcrum and knife edge points A and B, lever 1–A also depressing. The transmitting or device in the center which locks the two levers together with knife edges and insures a uniform distribution of force upon the scale, transmits motion and force to the scale arm. The scale arm moves up in position because of the weight which has been applied to it, creating an opposing force against the top of the scale. At such time as the poise is moved out, this force being restrained and holding the scale arm up, is counteracted to the point where the scale arm then depresses by proper adjustment of the poise. We then approach a null, at which the two indicating points in red come together.

The witness then concluded that exhibit 1 was, in his opinion, a machine.

From the testimony of Witness Amos, it is clear that exhibit 1 is a mechanical contrivance, containing moving parts which, in his opinion, constitutes a machine, since it modifies or utilizes energy or force.

In Webster's New International Dictionary, second edition, unabridged (1949) at page 2227, the following definition is found:

scale * * * 2. * * * an instrument or machine for weighing; as, to turn the *scale*. Scales usually embody a system of multiplying levers. In a **beam scale,** manual manipulation of sliding poises is necessary for the weight determination. * * * A **platform scale,** or **platform balance,** is a scale having a load-receiving platform carried on multiplying levers which transmit the load to the beam or other reading element, such platform having four or more lines of support comprised in bearings which rest directly upon knife-edges in the multiplying levers. * * *

In the case of *Simon, Buhler & Baumann* (*Inc.*) v. *United States*, 8 Ct. Cust. Appls. 273, 277, T.D. 37537, the appellate court sets forth the following guide which has been followed in customs jurisprudence in the definition of a machine:

* * * a mechanical contrivance for utilizing, applying, or modifying energy or force or for the transmission of motion, * * *.

We are of the opinion, based upon an examination of exhibit 1, the evidence adduced herein, and following the principle of law enunciated in the *Simon, Buhler & Baumann* (*Inc.*) case, *supra*, that the involved merchandise is a machine, properly dutiable at the rate of 13¾ per centum ad valorem under paragraph 372 of the Tariff Act of 1930, as modified, *supra*, as alleged by plaintiff.

To the extent indicated, the specified claim in this suit is sustained; in all other respects and as to all other merchandise, all the claims are overruled. Judgment will be rendered accordingly.